IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| PROGRESSIVE HAWAII INSURANCE CORP., | ) ) ) NO. 3:20-cv-00980 ) ) JUDGE RICHARDSON ) ) ) ) ) |
| Plaintiff, | |
| v. | |
| LINDA GARZA and JOSEPH PRIVETT, | |
| Defendants. | |

**<u>MEMORANDUM AND ORDER</u>**

Pending before the Court are Plaintiff's Motion for Default Judgment Against Defendant Joseph Privett (Doc. No. 24), and Plaintiff's Motion for Default Judgment Against Defendant Linda Garza (Doc. No. 25). As the below discussion makes clear, the two motions are readily susceptible to resolution via virtually identical analyses, and so the Court will analyze and rule of them together.

Via the motions, Plaintiff seeks a default judgment that consists of a declaration that it is not obligated to provide coverage to Defendant Privett or Defendant Garza (collectively "Defendants") under the a Tennessee Auto Policy, bearing policy number 937284872-000, effective March 20, 2020, "either through defense or indemnity, for any liability, claims, or damages" arising out of a particular automobile accident that occurred on September 11, 2020 in Humphreys County, Tennessee. (Doc. No. 24 at 1-2; Doc. No. 25 at 1-2). Defendants have failed to answer or otherwise respond to Plaintiff's Complaint. Plaintiff filed a request for clerk's entry of default as to Defendant Garza and Defendant Privett on March 31, 2021 (Doc. Nos. 19, 20), and

1

the clerk entered default against both Defendants on April 27, 2021 (Doc. No. 22). Subsequently, Plaintiff filed the instant motions seeking default judgment.

## FACTUAL ALLEGATIONS

The Complaint in this case alleges the facts set forth in this section. As all of these facts are well-pleaded under the standard, and for the reasons, identified below in a footnote, they will be accepted as true for purposes of the motions.

Plaintiff issued a Tennessee Auto Policy to Defendant Garza, bearing policy number 937284872-000, effective March 20, 2020 to September 20, 2020 (hereinafter "Policy"). (Doc. No. 1 at ¶ 7). Defendant Garza is listed and identified in the Policy as the "Named Insured" under the "Drivers and household residents" section of the Policy's declarations page. (*Id*. at ¶ 9). Defendant Privett is listed and identified as an "excluded driver" under the "Drivers and household residents" section of the declaration page. (*Id*. at ¶ 10). An endorsement to the Policy, entitled "Named Driver Exclusion Election," ("Exclusion") provides as follows:

**Named Driver Exclusion Election**
You have named the following persons as excluded drivers under this policy:
    JOSEPH PIZETT                                Date of Birth: Feb 3, 1972

No coverage is provided for any claim arising from an accident or loss involving a motorized vehicle being operated by an excluded driver. This includes any claim for damages made against any named insured, resident relative, or any other person or organization that is vicariously liable for an accident or loss arising out of the operation of a motorized vehicle by the excluded driver.

This form must be signed by the named insured.

I understand and agree that this Named Driver Exclusion election shall apply to this policy and any renewal, reinstatement, substitute, amended, altered, modified, or replacement policy with this company or any affiliated company, unless a named insured revokes this election.

Signature of Named Insured                                      Date
X *Lint Garza*                                                    3-20-2020
Form 9330 (02/03)

(*Id*. at ¶ 11).

Although Defendant Privett's name is misspelled on the declarations page and the Endorsement, Defendant Garza later acknowledged to Plaintiff that Defendant Privett was the person she intended to be identified as the "excluded driver" on the Policy. (*Id*. at ¶ 12). Plaintiff further confirmed that Defendant Privett was the person Defendant Garza intended to be the "excluded driver" on the Policy based on the fact that Defendant Privett's date of birth is February 3, 1972 as shown on the Endorsement beside his misspelled name. (*Id*.).

On or about September 11, 2020, Defendant Privett was involved in an automobile accident while driving Defendant Garza's vehicle. (*Id*. at ¶ 15). Defendant Privett collided with another vehicle at or near the intersection of Tennessee Ridge Road and Highway 13 in Waverly, Tennessee. (*Id*.). Defendant Garza was traveling as a passenger in the front passenger seat at the time of the accident. (*Id*. at ¶ 16). The other vehicle involved in the accident contained three occupants—one driver and two passengers. (*Id*. at ¶ 18). One of the passengers reportedly died as a result of the accident. (*Id*.). The driver and remaining passenger were reportedly transported by ambulance from the accident scene due to bodily injuries they sustained in the accident. (*Id*.).

Thereafter, a claim was reported to Plaintiff seeking coverage under the Policy for the injuries and damages sustained in the accident, and the claim was assigned Claim Number 20-3273809 (hereinafter the "Claim"). (*Id*. at ¶ 19). Plaintiff investigated the Claim and discovered that Defendant Privett, an excluded driver, was driving Defendant Garza's vehicle at the time of the automobile accident that occurred on September 11, 2020. (*Id*. at ¶ 20). Based on the information discovered during its investigation, Plaintiff advised Defendants Garza and Privett that since Defendant Privett—an excluded driver—was driving Defendant Garza's vehicle at the time of the automobile accident, the Policy did not provide coverage for any injuries or damages allegedly caused by the accident at issue in the Claim. (*Id*. at ¶ 21).

# LEGAL STANDARD

A. Default Judgment

Rule 55 of the Federal Rules of Civil Procedure governs entry of judgment by default. In order to obtain judgment by default, the proponent must first request the clerk's entry of default pursuant to Rule 55(a). Once a default has been entered by the clerk, the plaintiff's well-pleaded allegations are deemed admitted. *See, e.g., Thomas v. Miller*, 489 F.3d 293, 299 (6th Cir. 2007).[1] The plaintiff may then file for default judgment by the clerk or by the court. Fed. R. Civ. P. 55(b).

When the plaintiff's complaint alleges damages for a sum certain, the clerk "on plaintiff's request, with an affidavit showing the amount due—must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing . . . ." Fed. R. Civ. P. 55(b)(1). "In all other cases, the party must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2). A default judgment may be entered without a hearing unless it is necessary to determine the amount of monetary damages. *Id*.[2] The court must exercise "sound judicial discretion" when determining whether to enter the default judgment. 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure, § 2685 (3d ed. 1988); *see also Applebaum v. Target Corp.*, No. 11-cv-15035, 2015 WL 13050014, at *1 (E.D. Mich. Sept. 10, 2015).

B. The Declaratory Judgment Act

---

[1] "[A] claim, to be 'well-pleaded', must at least satisfy 'Rule 8(a) of the Federal Rules of Civil Procedure, which sets forth the basic federal pleading requirement that a complaint "shall contain a short and plain statement of the claim showing that the pleader is entitled to relief."'" *Utility Serv. Corp. of Huntsville v. Ground Support, LLC*, No. 3:18-cv-00460, 2019 WL 4736933, *1 (M.D. Tenn. Sept. 27, 2019) (internal punctuation and quotation marks omitted) (quoting *Dalmayer v. Michigan*, No. 08-12784, 2009 WL 1378322, at *2 (E.D. Mich. May 14, 2009)). In the present case, the Court concludes that the factual allegations set forth in the Complaint are well-pleaded in that they satisfy Rule 8(a). Among other things, these allegations comply with the pleading standards set forth in the bellwether cases of *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). The Court therefore accepts these allegations as true.

[2] In this case, a hearing is not necessary. Plaintiff seeks not a monetary award, but rather a declaratory judgment, which can be rendered on the record before the Court.

The Declaratory Judgment Act states that "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201. The general standard for determining whether a declaratory judgment is appropriate is whether it will "serve a useful propose in clarifying and settling the legal relations in issue and whether it will terminate and afford relief from the uncertainty, and insecurity, and controversy giving rise to the proceedings." *Omaha Prop. & Cas. Ins. Co. v. Johnson*, 923 F.2d 446, 447-48 (6th Cir. 1991). In insurance coverage cases, declaratory judgment can be important because "a prompt declaration of policy coverage would surely serve a useful purpose in clarifying the legal relations at issue." *Northland Ins. Co. v. Stewart Title Guaranty Co.*, 327 F.3d 448, 454 (6th Cir. 2003) (citation omitted).

## JURISDICTION

Before a court can enter default judgment, it must establish that it has subject-matter jurisdiction. 10A Charles Alan Wright et al., Federal Practice and Procedure § 2682 (4th ed. 2019). Plaintiff alleges this Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) and the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq*.

A. 28 U.S.C. § 1332(a)

Diversity jurisdiction exists when the amount in controversy exceeds $75,000, exclusive of interest and costs, and there is complete diversity of citizenship between the parties. 28 U.S.C. § 1332(a). "Once a default is entered against a defendant, that party is deemed to have admitted all of the well pleaded allegations in the Complaint, including jurisdictional averments." *Ford Motor Co. v. Cross*, 441 F. Supp. 2d 837, 846 (E.D. Mich. 2006). Plaintiff alleges that the parties are completely diverse inasmuch as it is an Ohio corporation, with its principal place of business

5

in Ohio, and both Defendants are citizens of the state of Tennessee (Doc. No. 1 at ¶¶ 1-3). Plaintiff also alleges that the amount in controversy exceeds $75,000. (*Id*. at ¶ 5).

The Policy provides liability to others for bodily injury in the amount of $100,000 per automobile accident. (Doc. No. 1-1 at 1). This suggests that in this litigation concerning the parties' respective rights related to the Policy, the amount in controversy in $100,000. S*ee Williamson v. Aetna Life Ins. Co*., 481 F.3d 369, 376 (6th Cir. 2007) (explaining that in a declaratory judgment action, the general rule is that the amount in controversy is the value to the plaintiff of the rights he seeks to protect); *see also Safeco Ins. Co. of Am. v. Schweitzer*, No. 3:18-05059-CV-RK, 2019 WL 1646408, at *2 (W.D. Mo. Apr. 16, 2019) (finding that the amount in controversy requirement of diversity jurisdiction was satisfied where the Complaint revealed that "[t]he insurance policy at issue provides personal liability coverage in the amount of $100,000 per occurrence."); *Guardian Life Ins. Co. of America v. Muniz*, 101 F.3d 93, 94 (11th Cir. 1996) (explaining that when the validity of an insurance contract is at stake, the amount in controversy is the face value of the policy).

Accordingly, the well-pleaded factual allegations establish there is diversity of citizenship between the parties and that the amount in controversy is in excess of $75,000. (*See* Doc. No. 1-1 at 1). Thus, this Court has subject-matter jurisdiction over this action.

B. The Declaratory Judgment Act

The Declaratory Judgment Act states that "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, *may* declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201 (emphasis added). It is well established that "district courts possess discretion in determining whether and when to entertain

an action under the Declaratory Judgment Act, even when the suit otherwise satisfies subject matter jurisdictional prerequisites." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 282 (1995); *see also Green v. Mansour*, 474 U.S. 64, 72 (1985) (explaining that the Declaratory Judgment Act "confers a discretion on the courts rather than an absolute right upon the litigant"). In the Sixth Circuit, courts consider five factors in deciding whether a case is appropriate for declaratory judgment:

> (1) whether the declaratory action would settle the controversy; (2) whether the declaratory action would serve a useful purpose in clarifying the legal relations in issue; (3) whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for res judicata;" (4) whether the use of a declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction; and (5) whether there is an alternative remedy which is better or more effective.

*Grand Trunk W. R.R. Co. v. Consolidated Rail Corp.*, 746 F.2d 323, 326 (6th Cir. 1984). The Sixth Circuit has never assigned weight to the individual factors, advising instead "that the 'relative weight' of the factors depends heavily on the 'underlying considerations of efficiency, fairness, and federalism,' which vary depending on the circumstances of each case." *W. World Ins. Co. v. Hoey*, 773 F.3d 755, 759 (6th Cir. 2014) (citation omitted).

Here, considering the first and second factors, granting declaratory judgment on the coverage issue would resolve the controversy and serve a useful purpose in clarifying the legal issues between the parties. The Sixth Circuit has recognized, where insurance claims are involved, an actual controversy exists once the events underlying the insured's liability have occurred. *Ohio Cas. Ins. Co. v. Farmers Bank of Clay*, 178 F.2d 570, 575 (6th Cir. 1949). Thus, an actual controversy regarding whether the insurance policy would cover damages arising from the automobile accident arose between the parties at the time of the automobile accident, and a declaratory judgment would serve to resolve this controversy. *See Northland Ins. Co.*, 327 F.3d at 454 (finding the first and second factors weighed in favor of exercising jurisdiction where the

declaratory judgment "would settle the controversy regarding the scope of insurance coverage"); *see also Gov't Emps. Ins. Co. v. Smith*, No. CIV A 08-03-KSF, 2008 WL 4706944, at *1 (E.D. Ky. Oct. 21, 2008) ("Because a declaratory judgment would settle the controversy regarding the scope of insurance coverage under the GEICO policy, the Court finds that the exercise of jurisdiction in this matter is appropriate."). Additionally, "a prompt declaration of policy coverage would surely 'serve a useful purpose in clarifying the legal relations at issue.'" *Scottsdale Ins. Co. v. Roumph*, 211 F.3d 964, 968 (6th Cir. 2000) (citation omitted); *Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 554 (6th Cir. 2008) ("Indeed, it is almost always the case that if a declaratory judgment will settle the controversy, then it will clarify the legal relations in issue."). Thus, these two factors weigh in favor of exercising jurisdiction.

As for the third factor, there is no allegation or indication that Plaintiff's request for declaratory judgment is being used for procedural fencing or to provide an arena to set Plaintiff up for the protections of *res judicata*. Among other things, there is no basis to believe that Plaintiff has engaged in forum shopping, given the locations of Defendants (each of whom has been established to be, at least as of the time of the Complaint's filing, a Tennessee citizen residing in Waverly, Tennessee (in Humphreys County, within this district)). Thus, the third factor weighs in favor of exercising jurisdiction.

In regard to the fourth factor—whether issuing a declaratory judgment would increase the friction between the federal and state court—three sub-factors are considered:

> 1) whether the underlying factual issues are important to an informed resolution of the case; 2) whether the state trial court is in a better position to evaluate those factual issues than is the federal court; and 3) whether there is a close nexus between the underlying factual and legal issues and state law and/or public policy, or whether federal common or statutory law dictates a resolution of the declaratory action.

*Northland Ins. Co.*, 327 F.3d at 454 (citing *Roumph*, 18 F. Supp. 2d at 735 n.5). Here, there is no allegation of, nor indication in the record, that there is a current underlying case involving the automobile accident in state court. Thus, the first sub-factor does not apply. *See Nationwide Affinity Ins. Co. of Am. v. Richards*, 439 F. Supp. 3d 1026, 1036 (W.D. Tenn. 2020) ("Where, as here, there is no underlying state action that would be affected by a ruling on the federal declaratory action, this [first sub-]factor is not a concern). As for the second and third sub-factor, the Court finds that these sub-factors are neutral. Although insurance contracts are interpreted using state contract law principles, which the Sixth Circuit has said is "closely entwined with state public policy," *United Specialty Ins. Co. v. Cole's Place, Inc.,* 936 F.3d 386, 401 (6th Cir. 2019), "[t]he [C]ourt is fully capable of determining the nature of the coverage provided by the contract of insurance" especially when the Court does "not have to await the resolution of factual issues in [an underlying] state action." *Northland Ins. Co.*, 327 F.3d at 454. Therefore, the Court finds that the fourth factor weighs neither in favor of nor against exercising jurisdiction.

The fifth and final factor asks "whether there is an alternative remedy which is better or more effective" than federal declaratory relief. *Grand Trunk*, 746 F.2d at 326. The Court answers this question in the negative. The issue of insurance coverage raised in this action is not before a state court. While Plaintiff could have brought a declaratory judgment action in a state court, there is no indication that a state court declaratory judgment would provide a superior remedy. Accordingly, the fifth factor weighs in favor of exercising jurisdiction.

On balance, four of the factors weigh in favor of exercising jurisdiction, and the remaining factor is neutral as to exercising jurisdiction. Therefore, the Court will exercise jurisdiction over Plaintiff's declaratory judgment action.

**LIABILITY**

Plaintiff seeks a default judgment that consists of a declaration that it is not obligated to provide coverage to Defendant Privett or Defendant Garza under the Policy, "either through defense or indemnity, for any liability, claims, or damages" arising out of an automobile accident that occurred on September 11, 2020 in Humphreys County, Tennessee. (Doc. No. 24 at 1-2; Doc. No. 25 at 1-2). As noted, the clerk entered default against both Defendants on April 27, 2021. (Doc. No. 22). For this reason, combined with the reasons set forth in a footnote above, the Court accepts as true the factual allegations set forth in the Complaint. However, the Court still must confirm that the allegations, as pleaded, establish that Plaintiff does not owe coverage to Defendant Privett or Defendant Garza under the Policy. *See, e.g., Anderson v. Johnson*, 194 F.3d 1311 (Table), No. 98-1931, 1999 WL 1023753, at *2 (6th Cir. Nov. 4, 1999) ("Even if a default has been entered against a party, it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law.").

As a federal court sitting in diversity, the Court applies state substantive law and federal procedural law. *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78–79 (1938); *see also Gasperini v. Center for Humanities, Inc.*, 518 U.S. 415, 427 (1996). In a diversity action, the choice-of-law rules of the forum state apply. *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941); *Montgomery v. Wyeth*, 580 F.3d 455, 459 (6th Cir. 2009). Here, the forum state is Tennessee. "In Tennessee, absent a valid choice of law provision, the rights and obligations under an insurance policy are governed by the law of the state where the insurance policy was 'made and delivered.'" *Charles Hampton's A-1 Signs, Inc. v. Am. States Ins. Co.*, 225 S.W.3d 482, 485 n.1 (Tenn. Ct. App. 2006) (quoting *Ohio Cas. Ins. Co. v. Travelers Indem. Co.*, 493 S.W.2d 465, 467 (Tenn. 1973)); *see also*

*Onebeacon Am. Ins. Co. v. Jaco Airfield Constr., Inc*., Nos. 04-2432 B, 03-2649 B, 2007 WL 1039355, at *3 (W.D. Tenn. Apr. 2, 2007) ("In the absence of an enforceable choice of law clause in an insurance policy, Tennessee courts apply the substantive law of the state in which the policy was issued and delivered").

Here, according to the Complaint, Plaintiff issued a Tennessee Auto Policy to Defendant Garza who was a resident and citizen of Tennessee. Thus, the Policy was issued and delivered in Tennessee, and Tennessee law governs the interpretation of the Policy absent an enforceable choice-of-law clause specifying the law of some other state. *Charles Hampton's A-1 Signs, Inc*., 225 S.W.3d at 485 n.1. The Court's own review of the Policy does not reveal a choice-of-law clause. Therefore, the Court concludes that Tennessee substantive law governs the Policy. [3]

Under Tennessee law, "[a]n insurance policy is a contract, and as such, [the court's] analysis must be grounded in principles of contract law." *Christenberry v. Tipton*, 160 S.W.3d 487, 492 (Tenn. 2005); *see also Allstate Ins. Co. v. Tarrant*, 363 S.W.3d 508, 527 (Tenn. 2012) (Koch, J., dissenting) ("Insurance policies are, at their core, contracts."). Thus, the terms of an insurance policy "should be given their plain and ordinary meaning, for the primary rule of contract interpretation is to ascertain and give effect to the intent of the parties." *Garrison v. Bickford*, 377 S.W.3d 659, 663 (Tenn. 2012); *Clark v. Sputniks, LLC*, 368 S.W.3d 431, 441 (Tenn. 2012). When the language of an insurance policy is clear and unambiguous, the court is bound to give effect to that language. *Clark*, 368 S.W.3d at 441.

The Court concludes that default judgment against both Defendants Garza and Privett is appropriate. The allegations of the Complaint, accepted as true, establish Plaintiff's right to a

---

[3] Even if Tennessee law did not apply, the imperative to interpret the terms of an insurance policy so as to give its terms their plain and ordinary meaning is not a concept unique to Tennessee, and the Exclusion would likely be read to exclude coverage using the contract interpretation principles of any jurisdiction.

declaratory judgment that there is no coverage under the Policy for the automobile accident that occurred on September 11, 2020. As alleged, (i) the Policy that was in effect at the time of the accident excluded Defendant Privett as a covered driver;[4] and (ii) Defendant Privett was driving the vehicle at the time of the accident.[5] Thus, the Policy does not provide coverage for claims arising out of the September 11, 2020 automobile accident referenced in the Complaint. The Court accordingly will grant Plaintiff's Motions for Default Judgment against both Defendants.

## CONCLUSION

For the reasons set forth above:

(1) Plaintiff's Motion for Default Judgment Against Defendant Joseph Privett (Doc. No. 24), and Plaintiff's Motion for Default Judgment Against Defendant Linda Garza (Doc. No. 25) are **GRANTED**; and

(2) It is hereby declared that Plaintiff is not obligated to provide coverage to Defendant Privett or Defendant Garza under the a Tennessee Auto Policy, bearing policy number 937284872-000, effective March 20, 2020, either through defense or indemnity, for any liability, claims, or damages arising out of the automobile accident that occurred on September 11, 2020 in Humphreys County, Tennessee; and

(3) This Order shall constitute the final judgment in this case under Fed. R. Civ. P. 58.

---

[4] Although Defendant Privett's last name is misspelled in the Exclusion, the Complaint alleges that Defendant Garza later confirmed that it was Defendant Privett she intended to exclude as a driver on her policy.

[5] Specifically, the Policy provides that "no coverage is provided for any claim arising from an accident or loss involving a motorized vehicle being operated by an excluded driver. This includes any claim for damages made against any named insured, resident relative, or any other person or organization that is vicariously liable for an accident or loss arising out of the operation of a motorized vehicle by the excluded driver." (Doc. No. 1 at ¶ 11).

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE